JAMES L. MCCABE *vs.* ZONING BOARD OF REVIEW· OF THE CITY OF PROVIDENCE.

FEBRUARY 5, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

450

PER CURIAM. This is a petition for a writ of *certiorari* based upon the provisions of Section 2, Chapter 430, Public Laws, January Session, 1923, passed in amendment of and in addition to Chapter 57, G. L. 1923. The petition was filed for the purpose of obtaining a review of the decision of the defendant board refusing to grant the petitioner's application for permission to erect a thirty-two compartment garage on the northerly side of Seekonk street in the city of Providence. The writ has been issued, and the defendant board has made return of certified copies of the papers pertaining to said application.

Paragraph "D" of Sec. 21, Chap. 370, of the Ordinances of the City of Providence, as amended by Chapter 553 of the ordinances of said city provides that: "No public garage for more than two motor vehicles and no garage repair shop or motor vehicle repair shop shall be permitted in a business district which is entirely surrounded by residence districts except on approval by the Board of Review." Although all land abutting on Seekonk street is within a district zoned for business, said district is entirely surrounded by residence districts. Said street is narrow, unimproved and without curb or sewer. Said application states that said "street is now three quarters filled with garages" and that: "On account of new apartment houses in this vicinity there is a need and demand for more garages."

It is apparent that a very large portion of the lots abutting on said street is used solely for garage purposes. At the hearing before the Board unsworn statements of persons appearing were taken as testimony. It was stipulated before us that such statements were to be considered as testimony.

Three persons appeared at said hearing and objected to the granting of the application. An attorney representing the owner of garages located on said street and designed to store 270 cars stated that there was no necessity for another garage. The motive of this objection was a desire to avoid competition. A representative of the owner of a lot abutting on Waterman street stated that he objected because the storage of additional cars in that section would increase the noise. A representative of the owner of vacant land on the northerly side of Seekonk street and a lot adjoining said land and abutting on Waterman street stated that if another garage for the storage of cars was permitted the noise in that vicinity from cars would be increased. The statement was also made that there was no necessity for another garage. These two statements are somewhat inconsistent. If there is no demand for more storage space the noise will not be increased by storing additional cars.

John L. McCormick, a building contractor, represented the petitioner at the hearing before the Board. Mr. McCormick stated that the petitioner paid $20,000 for the land in question "with the understanding we could build garages"; that "Seekonk street is suitable for nothing else" and that: "There are a great many apartments around there and the owners are finding difficulty in renting them on account of not having garages." Mr. McCormick's statement that land facing on Seekonk street was suitable for nothing except garages was not contradicted. At the hearing before us the attorney for the Board was given an opportunity to produce evidence that the petitioner's land could be used profitably for some other purpose, but he stated that he did not desire to do so.

With no new evidence before us we would not set aside the decision complained of unless it clearly appears that the Board abused its discretion. *Sundlun* v. *Zoning Board of Review*, 50 R. I. 108, 145 A. 451.

It is apparent that the uncontradicted evidence that the petitioner's land is suitable for no purpose except for a

garage can not be successfully disputed. The petitioner is not seeking permission to maintain a nuisance. He is merely seeking to use his land for the purpose to which a large amount of land facing the same street and within the same zoning district is devoted. If the land in question is not suitable for any other purpose it cannot be profitably used for any other purpose. Under the circumstances of this case it is an abuse of discretion to deny an application to use the land for the only purpose for which it is suitable. See *Sundlun* v. *Zoning Board of Review, supra,* and authorities cited.

It is ordered that the decision of the Board of Review be reversed. It is the duty of said Board to grant the petitioner's application. It is ordered that a copy of this opinion be transmitted to the defendant Board.

*Boss, Shepard & McMahon,* for petitioner.
*Elmer S. Chace, City Solicitor,* for respondent.